**Melvin MERRITT, Appellant,**

v.

**J. J. MANTONY, doing business as A. A. A. Asphalt Company, Respondent.**

No. 48585.

Supreme Court of Missouri,

Division No. 2.

Jan. 8, 1962.

Motion for Rehearing or to Transfer to Court en Banc Denied Feb. 12, 1962.

Alfred B. Couch, Terrance W. Imes, Kansas City, for plaintiff-appellant.

John R. Baty, Fred J. Freel, Kansas City, Pew, Taylor, Sheridan & Baty, Kansas City, of counsel, for defendant-respondent.

STOCKARD, Commissioner.

In this rear end collision case, wherein plaintiff sought damages in the amount of $35,000, the jury returned a verdict for de-fendant and plaintiff has appealed from the ensuing judgment.

■ Plaintiff was a passenger in a Cadillac automobile which was being driven north on Troost Avenue in Kansas City, Missouri. A short distance north of 59th Street the operator of the Cadillac stopped because of traffic conditions, and while stopped his automobile was struck in the rear by a Ford station wagon being operated by the defendant. It may be assumed that the collision resulted from defendant's negligence. Defendant practically admits this in his testimony. Certainly the jury could so find. At the trial defendant contended that plaintiff was not injured as the result of the collision. Although the burden was on plaintiff to prove he was injured, and not on the defendant to establish that he was not, it may be said that defendant presented evidence which, if believed, would authorize a finding by the jury that plaintiff was not injured, and this issue was directly submitted to the jury by defendant's converse instruction about which there is no complaint on this appeal. On the other hand, plaintiff's evidence, if believed, would authorize a finding of substantial injuries, and this issue was submitted in plaintiff's verdict directing instruction.

Plaintiff was a member of the Kansas City police force but was not on duty at the time of the collision. Immediately after the collision he reported for his regular tour of duty, but later entered the hospital for a short time and was absent from work for seven months. At the time of the collision plaintiff had accumulated 338 days of sick leave at the rate of two and one half days per month. The trial court permitted the defendant to show that during that time which plaintiff did not work following the collision he was paid by the Kansas City police department an amount equal to his regular salary which was charged against his accumulated sick leave. However, at the close of the evidence, and at the request of the plaintiff, the trial court gave instruction 6 in which the jury was

told "that all evidence as to any sums of money received by the plaintiff from the Police Department as sick benefits or pay * * * are withdrawn from your deliberations, and if your verdict is for the plaintiff, said sums paid are not to be considered in any way in diminution of the amount of damages to which plaintiff is entitled, if any, as may be determined by you under instruction No. 5," the measure of damages instruction.

On this appeal from the judgment entered on the unanimous jury verdict for defendant, plaintiff contends that prejudicial error resulted when the trial court permitted the defendant to present in evidence "the amount of sick benefits received by plaintiff from the Kansas City Police Department," and in permitting the defendant to argue that plaintiff had not lost a cent because his medical expense had been paid and he had been paid his wages as sick leave. For the purposes of this opinion we shall assume that the admission into evidence that plaintiff was paid sick leave benefits equal to his wages was error, and that the giving of instruction 6 at plaintiff's request did not completely cure that error. We shall also assume that the argument complained of was erroneous, but we should add that when that argument is considered in context we doubt that it was improper under the particular attending circumstances even though the evidence of sick leave pay had been properly stricken.

From the above it is evident that plaintiff's only complaint on this appeal relates to the admission of evidence and of argument of counsel as to the *amount* of damages plaintiff should receive if the jury found for plaintiff. The jury, however, did not find for plaintiff. It returned a verdict for defendant. The evidence and the argument objected to had nothing whatever to do with the issue of liability, that is, how the collision happened or whether plaintiff sustained any injuries. This case, therefore, falls precisely within the well-established rule that "where evidence or argument is before the jury clearly bearing only upon the issue of the extent of plaintiff's damages, and the jury's verdict demonstrates that the jury has failed to reach that issue, plaintiff is not prejudiced thereby." Boedeker v. Wright, Mo.Sup., 312 S.W.2d 829, 833; Harrington v. National Outdoor Advertising Co., 355 Mo. 524, 196 S.W.2d 786; Bowers v. Etherton, Mo.Sup., 216 S.W.2d 83; Conser v. Atchison, T. & S. F. Ry. Co., Mo.Sup., 266 S.W.2d 587, certiorari denied 348 U.S. 828, 75 S.Ct. 45, 99 L.Ed. 653; Miller v. Riss & Co., Mo.Sup., 259 S.W.2d 366.

Nothing in this record indicates that the evidence or the argument relating only to the extent of damages was so arousing or prejudicial that plaintiff did not have a fair trial. Particularly is this true in view of the giving of the withdrawal instruction. Plaintiff's counsel availed himself of that instruction. He read it to the jury, commented on it, and closed his argument on this particular matter with the statement that "if he [plaintiff] is entitled to anything at all here, he is entitled to his pay and those things [items of medical expense] that I have mentioned." We do not see how the jury possibly could have been misled on the issue of liability. To hold that the evidence or argument now complained of could have had any bearing on that issue would require a presumption on our part that the jury failed to follow the instructions of the court about which there is no complaint on this appeal, a presumption not justified under the record and which we are not willing to make.

Plaintiff cites five cases to the effect that error is presumed to be harmful unless clearly shown to be otherwise. None of these cases pertain to the situation in this case where the alleged error pertained solely to the issue of the amount of the damages to be awarded to the plaintiff in the event the jury found the defendant to be liable but where the jury returned a verdict of no liability. Therefore, we shall not set them out and discuss them separately.

We see no reason in the circumstances of this case to depart from the well-established rule previously set out. The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.