Forrest D. WISE, Respondent-Plaintiff,

v.

Edwin L. TOWSE, Appellant-Defendant.

Bernice WISE, Respondent-Plaintiff,

v.

Edwin L. TOWSE, Appellant-Defendant.

Mary Christine MOORE, Respondent-Plaintiff,

v.

Edwin L. TOWSE, Appellant-Defendant.

Nos. 23747–23749.

Kansas City Court of Appeals.

Missouri.

April 1, 1963.

———◆———

William H. Woodson, Spencer, Fane, Britt & Browne, Kansas City, for plaintiffs.

Arthur H. Stoup, I. L. Kraft, Koenigsdorf, Kaplan, Kraft, Stoup & Fox, Kansas City, for defendant.

HUNTER, Judge.

■ This is an appeal by three plaintiffs in three separate actions that were consolidated for trial and for appeal. The three suits are for damages for alleged personal injuries arising out of a motor vehicle collision. Our examination of the record discloses that each plaintiff has limited his prayer for damages to less than $15,000; namely, Forrest Wise $7,500; Bernice Wise $10,000, and Moore $2,500, and that the amount in dispute in each case is less than $15,000. Hence, this court has jurisdiction of the appeals. Section 477.040 RSMo 1959, V.A.M.S.

Plaintiff, Forrest Wise; his wife, plaintiff, Bernice Wise; and his ward, plaintiff, Mary Christine Moore, an infant; and three others on May 2, 1958, were passengers in a slow moving, eastbound 1957 Cadillac automobile owned and operated by Joseph Gore on U. S. Highway 40 several hundred feet west of its intersection with Noland Road in Jackson County, Missouri, when the front end of an eastbound 1954 Plymouth automobile operated by defendant, Edwin L. Towse, collided with the rear of the Cadillac.

All three plaintiffs claimed damages for alleged personal injuries resulting from the collision. To each petition in his answer defendant stated, "and though defendant expressly denies that plaintiff was damaged or injured as a direct and proximate result of said collision defendant admits defendant is liable to plaintiff for such actual damages, if any, as were sustained by plaintiff as a direct and proximate result of said collision."

The consolidated cases were tried to the jury on the issue of whether plaintiffs were injured as a result of this rear end collision. The evidence on the respective issues of personal injury was conflicting. The defendant testified he was traveling between 35 and 40 miles per hour when he was only 50 to 75 feet from the Cadillac and first noticed it was "stopped". He applied his brakes. He admitted the resultant collision "was severe". By stipulation of the parties, the damage to the Plymouth was $398.00 and to the Cadillac was $1,018.00. Plaintiffs adduced considerable, albeit arguably weak, medical and other testimony to support their claims of some personal injuries. Defendant's evidence, mostly medical, was in refutation of such claims.

The jury, by its separate verdicts, was unanimous in favor of the defendant in the Forrest Wise and the Moore cases and ten to two in favor of the defendant in the Bernice Wise case. The trial court in ruling favorably to plaintiffs on the plaintiffs' joint motion for a new trial for specified instruction errors we shall proceed to discuss, refused to rule that the verdicts were against the weight of the credible evidence.

■■ Did the trial court err as defendant contends in granting all three plaintiffs a new trial on the issue of damages for its assigned reason that Instruction No. 3 wrongfully withdrew from the jury plaintiffs' evidence as to the value of x-rays of the plaintiffs taken at the Osteopathic Hospital? The trial court had assigned as its reason for giving Instruction No. 3 that there was no testimony of the reasonableness of the charges for these x-rays. However, there was evidence to the effect that the charges for these x-rays were $25.00 for those of Forrest Wise, $30.00 for those of Bernice Wise, and $7.50 for those of Mary Christine

Moore; that Forrest Wise had paid for all of them in the total sum of $65.00; and that the hospital maintained a regular price list for x-rays and the prices of these charges are those on this price list.

Quite recently, in the case of Hay v. Ham, Mo.App., 364 S.W.2d 118, we ruled that evidence of the nature present here is substantial evidence of the reasonableness of the charges for x-rays. The fact that these x-rays were billed at the rate on the hospital's regular price list and that plaintiff Forrest Wise paid that bill is subject to a fair inference that the charges made and paid were reasonable. Myers v. Karchmer, Mo.Sup., 313 S.W.2d 697(15). Stewart v. George B. Peck Co., 234 Mo.App. 864, 135 S.W.2d 405(8).

Defendant impliedly agrees with what we have said above by arguing that although the trial court may have assigned the wrong reason for giving Instruction No. 3 the instruction was properly given because there is no evidence that these x-rays were necessary.

The general rule is that charges for medical services such as those before us, which are items of special damage, must be supported by substantial evidence that they were reasonable and the services reasonably necessary in order for them to be recoverable. Spica v. McDonald, Mo.Sup., 334 S. W.2d 365; Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59 (9–10); Heibel v. Robison, Mo.App., 316 S.W.2d 238. However, there is such substantial evidence in the record before us. While there is no direct testimony that these x-rays were necessary, such is a reasonable inference from the evidence showing that plaintiffs sought medical diagnosis and treatment for injuries resulting from the accident, and their examining doctor sent them to the hospital to have the x-rays made. Obviously he thought these x-rays necessary to his diagnosis and treatment or presumably he would not have prescribed that they be made. We should ascribe honest motives, good faith and proper con-duct in such matters, at least to the extent of permitting a jury, if it wishes to do so, to infer as a reasonable inference that these medically prescribed x-rays were sufficiently necessary to permit reimbursement of their cost as an element of damage. Under the reasonable man test the defendant could be held to foresee that as a result of his negligence in so forcibly striking the rear end of the car in which plaintiffs were passengers the plaintiffs would be caused to seek medical examination, including x-rays, if prescribed by the examining doctor. The jury could find that these special damages were sustained by plaintiff Forrest Wise as a direct and proximate result of the collision, and defendant has admitted in his answer that "defendant is liable to plaintiff for such actual damages, if any, as were sustained by plaintiff as a direct and proximate result of said collision." We conclude the trial court committed reversible error as to plaintiff Forrest Wise in giving Instruction No. 3. The jury should not have been instructed to disregard the evidence of his payment for the x-rays, and it was error to withdraw it from the jury's consideration.

■ Defendant says if plaintiff Forrest D. Wise was found not to have received any injury by the jury as is evidenced by the jury's verdict then he wasn't prejudiced by Instruction No. 3 withdrawing from the jury consideration of his x-ray expense. However, the x-ray expense was an item of special damages to Forrest Wise which he supported by evidence, and the jury should have been allowed to consider that evidence. Even though the jury might find Forrest Wise suffered no actual injury to his person, if through defendant's admittedly negligent act of causing the collision this special damage proximately resulted to Forrest Wise, he is entitled to recover for it, for in such an instance actual loss has resulted from the commission of the negligent act. Defendant cites the cases of Eickmann v. St. Louis Public Service Co., 363 Mo.Sup. 651, 253 S.W.2d 122; Biscoe v. Kowalski, Mo.Sup., 290 S.W.2d 13; and Merritt v. Mantony, Mo.Sup., 353 S.W.2d 768, as pre-

cluding any recovery of medical expenses incurred if no actual injury to the person occurred. However, the Eickmann and Biscoe cases did not concern any question of special damage occasioned by and resulting from an admittedly negligent act, and as we view them are thus distinguishable. The Merritt case is also distinguishable in that the jury's verdict revealed the jury failed to reach the issue of damages and hence any error concerning the correct amount of damages was not prejudicial. In the case before us, the sole issue before the jury was the issue of damages or injury resulting from the admittedly negligent act.

There was no corresponding error concerning Instruction No. 3 as to the other two plaintiffs for they did not pay or contribute to the payment of the x-rays, and made no claim of any special damage for such items.

Since plaintiff Forrest Wise is entitled to a new trial on the issue of damages only, what we proceed to discuss involves the remaining two plaintiffs' claims that they are entitled to a new trial because the trial court was correct in holding Instruction No. 2 to be erroneous as depriving them of a judgment for nominal damages to which they were entitled as a matter of law.

Instruction No. 2 contained a typical burden of proof paragraph and further provided, " * * * you should not allow any recovery to plaintiffs, or any of them, for any injuries or damages which are based upon mere speculation or conjecture and which plaintiffs, or any of them, have failed to prove by the preponderance or the greater weight of all the credible evidence." The defendant's position is that plaintiffs were not entitled as a matter of law to recover at least nominal damages, citing Eickmann v. St. Louis Public Service Co., 363 Mo.Sup.

651, 253 S.W.2d 122, and Biscoe v. Kowalski, Mo.Sup., 290 S.W.2d 133.

At the outset we note that plaintiffs did not offer any instruction concerning their right to nominal damages, and their verdict directing instructions presented only their claims for substantial actual damages. Plaintiffs did not object to the form of verdict instruction given. This form of verdict instruction if literally followed precluded any award for nominal damages. In its pertinent portion it read: "We the jury find the issues for the defendant and against plaintiff —————. —————— Foreman." However, in seeking to avoid the effect of not having objected to the form of verdict instruction, and not having offered any instruction on nominal damages, plaintiffs assert Instruction No. 2, given over their objection, under our law was required to direct at least a nominal verdict for each of plaintiffs, citing Stroud v. Masek, Mo.Sup., 262 S.W.2d 47; Hotchner v. Liebowits, Mo.App., 341 S.W.2d 319; Wente v. Shaver, 350 Mo.Sup. 1143, 169 S.W.2d 947, 145 A.L.R. 1176; and Heuer v. John R. Thompson Co., Mo.App., 251 S.W.2d 980.[1] (See, also, King v. City of St. Louis, 250 Mo.Sup. 501, 157 S.W. 498.)

■ It is true that an award of nominal damages is a substantial thing, for it normally decides the incident of costs, a major item particularly these days when the cost of the jury alone may exceed $75.00 per day. Hesse v. Imperial Electric Light, Heat & Power Co., 144 Mo.App. 549, 129 S.W. 49.

We are constrained to follow what we believe to be the rule announced by our Supreme Court in its latest discussion of the pertinent point in Biscoe v. Kowalski, supra. In that case, as here, the vehicle driven by defendant rear ended the vehicle

---

1. For a discussion of the rule as to other kinds of action, see Hotchner v. Liebowits, Mo.App., 341 S.W.2d 319(4) (Contracts); Seelig v. M. K. & T. Ry. Co., 287 Mo.Sup. 343, 230 S.W. 94, 95 (Value of services); State ex rel. Armour Packing Co. v. Dickmann, 146 Mo.App. 396, 124 S.W. 29 (Suit on official bond); Wente v. Shaver, 350 Mo.Sup. 1143, 169 S.W.2d 947; Stroud v. Masek, Mo.Sup., 262 S.W. 2d 47 (Wrongful death); Curd v. Reaban, Mo., 232 S.W.2d 389 (Ejectment).

in which plaintiff was a passenger. There, for the purpose of what it said, the Supreme Court assumed defendant was negligent as a matter of law, and here the defendant admitted its negligence. There, as here, the contention was that no personal injury resulted from the collision occasioned by defendant's negligence. We quote from the court's opinion, 290 S.W.2d loc cit. 137–138: "It is argued that even had there been no evidence of actual injury plaintiff was entitled to judgment for at least nominal damages. In support of this argument plaintiff has cited Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947, 145 A.L.R. 1176, an action under the wrongful death statute; King v. City of St. Louis, 250 Mo. 501, 157 S.W. 498, in which it was obvious there was substantial actionable injury and loss of earnings; Heuer v. John R. Thompson Co., Mo.App., 251 S.W.2d 980, action for failure to comply with the 'service letter' statute; Thompson v. St. Louis Public Service Co., Mo.App., 242 S.W.2d 299, action for assault and battery where there was actual physical injury, and it was said humiliation and mental suffering could be inferred from the character and extent of plaintiff's injuries; Greenlake Inv. Co. v. Swarthout, Mo.App., 161 S.W.2d 697, action for defamation of title; and Carpenter v. City of Versailles, Mo.App., 65 S.W.2d 957, action for wrongful discharge of sewage on plaintiff's real property. We believe these cases are not applicable here. Plaintiff's counsel did not request the direction of a verdict for plaintiff on the theory that plaintiff was entitled to but nominal damages. Plaintiff herein sought recovery of substantial damages for an alleged actual physical injury.

\*　\*　\*　\*　\*　\*

"It is said in Eickmann v. St. Louis Public Service Co., 363 Mo. 651, 253 S.W.2d 122, that the three elements of plaintiff's claim were negligence, causation, and injury. In that case defendant admitted liability in the collision of its vehicles but denied that plaintiff had sustained injury. This court correctly said there were left open the jury questions—did plaintiff sustain injury, and, if so, what amount of damages would reasonably compensate her.

"It was said that actionable negligence implies injury. This, in an action for personal injury allegedly sustained in the negligent derailment of defendant's train. McGuire v. Chicago & A. R. Co., Mo.Sup., 178 S.W. 79, L.R.A.1915F, 888. Actionable negligence involves, (1) the existence of a duty on the part of the defendant to protect plaintiff from an injury; (2) the failure of the defendant to perform the duty; and (3) the injury to the plaintiff from such failure. When these elements concur, they constitute actionable negligence. McGuire v. Chicago & A. R. Co., supra. See also Wolfmeyer v. Otis Elevator Co., Mo.Sup., 262 S.W.2d 18. Otherwise expressed, the essential factual elements of a claim for personal injury due to negligence are—negligence (the failure of defendant to perform a duty to protect plaintiff from harm), causation, and injury. Eickmann v. St. Louis Public Service Co., supra; Knight v. Richey, 363 Mo. 293, 250 S.W.2d 972. We hold that the trial court correctly refused to direct a verdict for plaintiff."

As we interpret the above quoted language it is a clear ruling that to have an action for personal injury occasioned by negligence *some injury must actually occur* to plaintiff as a result of defendant's failure to perform his duty of exercising the requisite care to protect plaintiff from injury.

Our interpretation of Biscoe v. Kowalski, supra, is strengthened by its citation with approval of Eickmann v. St. Louis Public Service Co., supra. In the Eickmann case plaintiff was a passenger on defendant's bus which was involved in a collision. The jury was instructed that "the defendant admits its liability in this case for the collision of its buses shown in the evidence, and your verdict should therefore be in favor of the plaintiff and against the de-

fendant if you find that Mrs. Eickmann sustained injury and damage as a direct and proximate result of said collision. * * * and unless you find that she was so injured then your verdict should be in favor of defendant." While the court did not have before it any specific contention that plaintiff was entitled at least to nominal damages even if there was no personal injury to a plaintiff, it unequivocally ruled that, 253 S.W.2d loc. cit. 131: "The three elements of plaintiff's claim were: negligence, causation, and *injury*." Both the Biscoe case and the Eickmann case were cited with approval in Schaefer v. Accardi, Mo.Sup., 315 S.W. 2d 230, 233.

We can only conclude our Supreme Court holds that in a claim for damages for personal injuries resulting from another's negligence, an admission by defendant that its negligence caused the collision which plaintiff claims caused his or her alleged injuries is not sufficient to entitle plaintiff as a matter of law to at least nominal damages because it fails to take into account the third necessary element of the action, namely, that some resulting injury to plaintiff must be proved or admitted. This is in accord with such text authorities as Prosser, Law of Torts (2nd Ed.), Chapter 6, page 165, "Since the action for negligence developed chiefly out of the old form of action on the case, it retained the rule of that action, that proof of damage was an essential part of the plaintiff's case. Nominal damages, to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred." * * * "Negligent conduct in itself is not such an interference with the interests of the world at large that there is any right to complain of it, or to be free from it, except in the case of some individual whose interests have suffered."

For the foregoing reasons, the judgment granting plaintiff Forrest D. Wise a new trial on the issue of damages is affirmed and the cause is remanded accordingly; and the judgments granting plaintiffs Bernice Wise and Mary Christine Moore new

trials are reversed and their causes are remanded with directions to the trial court to enter judgment in each of the two of them for·defendant in accordance with the jury verdicts rendered.

It is so ordered.

All concur.