Garland D. BOOTH and Delores Booth, Appellants,

v.

Phillip Terry RAUCH, Respondent.

No. KCD 26912.

Missouri Court of Appeals, Kansas City District.

July 7, 1975.

---

Gary C. Clifton, Robert E. Stewart, Kansas City, for appellants.

James O. Turner, Downs, Pierce & Turner, St. Joseph, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Plaintiffs obtained a verdict and judgment against defendant for $10,000 for injuries sustained by Garland Booth and $1,000 in favor of his wife for her loss of his services. The trial court sustained defendant's motion for a new trial on the grounds it had erred in giving MAI 31.07. Plaintiffs appeal the order of the court setting aside the judgment entered on the verdict and granting the defendant a new trial.

Garland Booth was injured while driving an automobile transport tractor-trailer unit when the tractor portion was struck by an automobile operated by the defendant. Prior to trial, defendant's counsel admitted negligence and the court stated to counsel that "the only issue to be for trial before the jury will be as to the extent of damages".

Plaintiff introduced evidence concerning his injuries received in the accident by testifying himself and through the testimony of his wife and the depositions of two physicians. This evidence revealed that plaintiff was complaining of constant pain in his cervical spine which interfered with his sleeping and his truck driving ability, and complained that such pain occasionally radiated into his right arm and hand. He also claimed that a cyst at the base of his right thumb was caused in the accident. Both of the doctors who saw plaintiff stated in their opinion all of the complaints the plaintiff made had their origin in plaintiff's accident with the defendant. With reference to the right thumb, plaintiff claimed to have been completely free of any complaints prior to the accident. He stated the right thumb became extremely painful and swollen immediately after the accident and it was at this point the doctors later diagnosed a cystic lesion on the bone. This lesion was surgically removed by Dr. Vilmer. Dr. Vilmer stated he could not be certain the cyst existed prior to the accident, but said it was entirely possible for such cyst to have been present but not to have been causing plaintiff any difficulty until the thumb, at the point where the cyst would have been located, was struck. Dr. Vilmer then attributed the difficulty which plaintiff experienced with this cyst, consisting of pain and weakness in grip, to the accident, even if the cyst did exist prior to the accident.

Defendant's evidence consisted solely of the physician who examined plaintiff at the

request of defendant. He stated his "findings essentially were limited to the fact he reportedly had had his hand operated on". This physician stated plaintiff had a diminished grip in his right hand because the plaintiff said it hurt. However, the physician could find no reason for the pain. He did acknowledge the presence of the surgical scar, but stated he could find no limitation of motion or any other difficulty with the right thumb or hand. On cross-examination, this physician acknowledged the existence of a radiology report which had been made to him in response to his request for certain x-ray studies of the plaintiff, which stated there was evidence of post traumatic arthritis in the plaintiff's right hand. This was consistent with Dr. Vilmer's finding. Although the physician stated he gave the plaintiff a general physical examination, defendant's counsel, in examining the physician, largely dwelled on the absence of any objective findings with reference to disability in the right hand and thumb. Defendant's counsel made no attempt to elicit any information from the physician with reference to whether or not the plaintiff had actually suffered any injuries in the accident.

At the close of all the evidence, plaintiffs filed a motion for a directed verdict in which it was alleged the defendant was guilty of negligence as a matter of law; there was no issue of plaintiff's contributory negligence or other affirmative defense; there was no evidence from which the jury could find the defendant was not negligent and the evidence was undisputed that plaintiffs were entitled to damages as result of the accident. The court sustained this motion and in its instructions gave MAI 31.07 which was modified only to the extent of inserting the plaintiff's name therein. This instruction was given also with reference to plaintiff's wife and was modified only to the extent of inserting her name in such instruction. These instructions were numbered 3 and 4 and read as follows:

"INSTRUCTION NO. 3

Under the law the defendant is liable to plaintiff, Garland Booth, for damages in this case. Therefore, you must find the issues in favor of plaintiff Garland Booth, and award the plaintiff, Garland Booth, such sum as you believe will fairly and justly compensate him for any damages you believe he sustained, and is reasonably certain to sustain in the future, as a direct result of the occurrence mentioned in the evidence."

(Instruction No. 4 was identical except it contained the name of Delores Booth).

The trial court found it had committed error in giving Instructions 3 and 4 because of the decision of this court in *Watts v. Handley*, 427 S.W.2d 272 (Mo.App.1968).

On this appeal, plaintiff claims the court properly gave Instructions 3 and 4 because the defendant had admitted negligence and defendant's medical testimony admitted causation and resulting injuries to the plaintiff and because defendant's counsel had judicially admitted in his closing argument that the plaintiff was entitled to recover something. Defendant counters by relying on *Watts*, and by denying any judicial admission.

The general rule undoubtedly is "to the effect that a party asserting the affirmative of a determinative issue and proof of it is necessary to establish the fact is not entitled to a directed verdict where his proof rests on oral testimony although the opposing party offers no evidence on the issue, as the truth and weight of his evidence, the credibility of his witnesses, remains an issue for the jury. This general rule is not applicable to unusual situations . . . where there is no real dispute of the basic facts supported by uncontradicted testimony essential to a claim or an affirmative defense". *Rogers v. Thompson*, 364 Mo. 605, 265 S.W.2d 282, 287[1] (banc 1954).

This court had occasion to extensively examine the above stated exception in *Jackson v. Security Ben. Ass'n*, 235 Mo.App. 368, 139 S.W.2d 1014 (1939). In that case this court stated at 139 S.W.2d 1021: "'What all parties to a litigation treat and assume as a fact during the entire progress of the trial before the court, the court, without error, may assume, for convenience in drafting its instructions to the jury, and further, that the issue upon that fact has been withdrawn from the controversy, and confined to the narrow compass embraced within the radius of the testimony offered. . . . It is but the common observation of all courts that counsel ordinarily, in no uncertain terms, indicate whether there is a real dispute as to the certain facts involved in the proceeding, and the dispute, if seriously and really made, will always manifest itself during the progress of the trial, in the examination and cross-examination of the witnesses and the instructions requested at the close of all the testimony.'"

Examining the record in this case with the foregoing rules in mind, it is manifest the defendant was not contending that plaintiff received absolutely no injuries in the accident in question but was contending the cyst, and the resulting complaints concerning it, did not result from this accident. This was brought out in the cross-examination which defendant made of plaintiff's witnesses, and in the direct examination made by defendant of his own medical expert. In short, it was clear defendant was not contending a total absence of any injuries on the part of plaintiff, but was concerned with trying to minimize those injuries by excluding the cyst and the subsequent surgery thereon as being included in the injuries which plaintiff did receive. It is likewise apparent the trial court took this view of this situation when it sustained the motion for a directed verdict which included the allegation that the evidence was undisputed that plaintiffs were entitled to damages.

While defendant's final argument did not come until after the court had sustained the motion for directed verdict, it nevertheless bears out the trial court's view of defendant's position. In his closing argument, counsel for defendant began with the usual word of appreciation to the jury for their attention. Counsel then read the first sentence of Instruction No. 3 which told the jury under the law the defendant was liable to the plaintiff for damages in this case. Defendant's counsel then stated: "Under these instructions we don't take any issue with this". Counsel thereupon read the balance of Instruction No. 3. Counsel then launched an argument on the theme the plaintiff had known Dr. Vilmer prior to the accident and raised the question as to why plaintiff had waited almost two years after the accident to consult Dr. Vilmer with reference to his thumb. Counsel then stated he did not deny plaintiff had a cyst on his thumb but stated the defendant was not liable for this cystic lesion. Counsel then argued there was evidence from which the jury could infer the cystic lesion was not the result of the accident because it took plaintiff almost two years in which to consult Dr. Vilmer about the cyst. He argued that plaintiff knew Dr. Vilmer and rated him as "one of the best" and certainly if the cyst had resulted from the accident, plaintiff would have consulted Dr. Vilmer much sooner.

After this line of reasoning, counsel then stated: "I don't say this man isn't entitled to recover something. He has indicated something, I think he stated the hospital bill was something like a thousand dollars and the doctor bill for Vilmer was something like $400 and the other doctors, I think balanced out the difference, but we think you are right in the area where this case is worth if we give him every benefit of the doubt".

Counsel then took up plaintiff's claim for loss of wages and argued the evidence was not sufficiently clear for the jury to make a

finding on the amount. With that, counsel concluded his closing argument.

It is worthy of note that counsel in his closing argument did not argue plaintiff did not sustain any injury in the accident. Rather, his sole argument is directed at the cystic lesion and the indefinite evidence which plaintiff produced concerning his loss of wages. Of greater import, however, are the plain admissions which counsel made. First, counsel had no argument with the Instruction which told the jury the defendant was liable to the plaintiff for damages. Next, was his statement he did not say the man was not entitled to recover something. Next was his statement the hospital bill together with the doctor bills would be in the area "where this case is worth".

It is true counsel added the statement "if we give him every benefit of the doubt" after his statement indicating the value of the case was in the area of the total of the hospital and doctor bills. Defendant now argues such addendum to his statement indicated he was arguing this was the value if the jury believed all of the plaintiff's evidence and none of the defendant's evidence. However, it is clear from defendant's entire argument the meaning defendant intended was simply to resolve the doubt concerning the cyst in plaintiff's favor, but only to the extent of including Dr. Vilmer's bill. That was the only part of plaintiff's claim which counsel had questioned up to the time this statement was made, and Dr. Vilmer was the only doctor who operated on plaintiff for this condition. Thus, by including Dr. Vilmer's bill, along with the hospital and other doctor bills, it is clear counsel was only referring to the doubt he had raised concerning the cyst, and by including Dr. Vilmer's bill, he was indeed giving plaintiff the benefit of all the doubt which existed according to the defendant. Since counsel, either prior or subsequent to the statement concerning doubt, had never mentioned the total absence of any injury to the plaintiff, there is no basis to conclude defendant was actually arguing an absence of damage by this single isolated phrase.

In view of the position which defendant assumed during the examination and cross-examination of the witnesses, and especially in view of the admissions which were made in the closing argument, it cannot be disputed the defendant's position throughout the entire trial was that plaintiff suffered some injuries, but the only dispute actually existed with reference to the causation of the cystic lesion.

This is the distinguishing feature between this case and *Watts*. In *Watts* the court stated the entire trial was fought out on the issue of whether or not plaintiff had suffered *any* injuries in the accident. The court there found the defendant denied the plaintiff had suffered any injury, and further held a statement made by defendant's counsel in his opening statement did not constitute a judicial admission. Since the defendant's position in this case is completely different from the defendant's position in *Watts*, it follows the *Watts* case is not controlling in this case.

Here the position assumed by the defendant falls squarely within the exception to the general rule announced in *Rogers* and *Jackson*. The court simply assumed as true that plaintiff sustained some damage, even as defendant had by his conduct during trial, confirmed by his explicit statements in final argument. The measure or amount of such damage was properly left to the jury. For that reason, the court correctly directed a verdict in favor of the plaintiff concerning the issue of damages. It necessarily follows the giving of Instructions No. 3 and 4 was correct. The judgment of the trial court is, therefore, reversed and this cause is remanded with directions to reinstate the verdict and judgment in favor of both plaintiffs as of the date of that verdict.

All concur.