Jerome STEHLIN, Plaintiff-Appellant,

v.

Alta HENRY, Defendant-Respondent.

No. 37388.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 14, 1977.

Motion for Rehearing and/or Transfer
Denied July 21, 1977.

Application to Transfer Denied
Sept. 12, 1977.

472

Igoe & Igoe, Leonard P. Cervantes, St. Louis, for plaintiff-appellant.

James F. Godfrey, Denis C. Burns, St. Louis, for defendant-respondent.

RENDLEN, Judge.

Plaintiff Jerome Stehlin appeals from the judgment entered on a verdict awarding him $250 automobile property damage, but "nothing" for personal injuries alleged to have occurred in a motor vehicle collision, asserting error in the denial of his personal injury damage claim.

While proceeding north on Kingshighway in the City of St. Louis December 16, 1972,

and waiting at a red light near Shaw Avenue, plaintiff's automobile was struck in the rear by that of defendant's, resulting in moderate damage to both vehicles. The trial court denied plaintiff's motion for new trial, wherein plaintiff complained the verdict denying damages for personal injuries was so shockingly inadequate it could only have resulted from bias, passion or prejudice of the jury. No challenge is made to the $250 property damage award, rather, plaintiff contends that in view of the evidence of extensive personal injuries the verdict denying damage for such injuries must be set aside. Further, because defendant was found negligent, the personal injury damage claim could have been denied only if plaintiff sustained no personal injuries or defendant's negligence was not the proximate cause of such injuries. From a review of the record we have concluded the verdict denying an award of personal injury damages was based on want of proof of causation. We affirm.

Treating defendant as the prevailing party on the issue presented here, we examine the evidence to determine the sufficiency of proof to support the verdict. In *Frantz v. State Farm Mutual Automobile Insurance Co.*, 526 S.W.2d 345, 346 [1] (Mo.App.1975), the court stated "[T]he evidence will be viewed in the light most favorable to the verdict with all the inferences from the evidence drawn in favor of the verdict." The court went on to note, inconsistencies will be resolved in favor of the prevailing party and "[a]ll the plaintiff's evidence must be disregarded unless it aids the defendant's case." *Id.* at 348. It has been stated that "[a]n appellate court does not weigh the evidence. It is only when there is a complete absence of probative fact to support a verdict that an appellate court will interfere." *Stevens v. Wetterau Foods, Inc.*, 501 S.W.2d 494, 496 [3] (Mo.App.1973); *Wilson v. Concordia Farmers Mutual Insurance Co.*, 479 S.W.2d 159, 161 [1] (Mo.App. 1972).

Plaintiff testified his seat belt had been fastened at the time of the collision and though he did not come into contact

with any part of the car's interior, he felt a numbness in his head and pain in his back immediately after the accident. Some hours later he called Dr. Grundmann and the following day was admitted to the hospital, remaining there for twenty-one days. Testifying for plaintiff, Dr. Grundmann stated that in addition to several complaints not related to the accident, plaintiff suffered from headaches and cervical strain from a pre-existing arthritic condition, contusions and strain of the right shoulder, lumbar strain and coccygodynia, all caused or aggravated by the accident. It developed that plaintiff had been involved in another automobile accident about one month earlier, in which his car was struck broadside passing through an intersection. In that accident he suffered a fractured right thumb and coccyx together with injuries to his head, right shoulder and base of the neck. Though plaintiff testified he suffered no other injuries in the November accident, he admitted wearing a corset and having a walking stick in his car when struck by defendant in December. Dr. Grundmann admitted on cross-examination plaintiff had not told him of another accident which occurred in 1968, involving a back injury and ultimately a 5 percent workman's compensation disability award. Also he did not examine plaintiff until after the December accident and perforce relied on plaintiff to tell if his injuries predated the accident. A medical report of Dr. Dooley, a neurologist, who examined plaintiff at the behest of Dr. Grundmann indicated that on December 28 Dr. Dooley could find no spasms or other objective signs of injury in the cervical region. He did note plaintiff's subjective complaints and found limited motion in the neck area. Patrolman Helbert testified his accident report contained no mention that plaintiff complained of pain nor that plaintiff requested medical treatment. A representative of plaintiff's employer testified plaintiff worked only five days between the November and December accidents, taking sick leave for the balance of the month. The medical report of Dr. Tottes mentioned plaintiff's injured thumb, head, right shoulder, coccyx and

pressure at the base of the neck with limited motion but no tenderness. Plaintiff testified that the impact had not been serious. Finally, Dr. Thiele, who examined plaintiff for defendant in September of 1974, testified he could find no permanent injuries and no objective signs of plaintiff having been in an accident. Defendant's converse instruction addressed itself solely to the issue of the causation of plaintiff's injuries.

We believe the evidence sufficient to support a jury believing that plaintiff's personal injuries did not result from the accident of December 16, 1972, and such injuries stemmed from his prior accidents. "[T]he jury finding of liability against defendant did not require a finding that defendant proximately caused every post-accident ailment complained of by the [plaintiff]. 'A jury may believe all of the testimony of any witness or none of it, or may accept it in part and reject it in part . . .' " *Wells v. Bellman*, 531 S.W.2d 770, 771 [1] (Mo.App.1975). "The general rule is that, where a plaintiff may have suffered disability and damage from two different causes, it is peculiarly within the province of the jury to apportion the disability and damage to the respective causes." *Turner v. Yellow Cab Co. Of Springfield*, 361 S.W.2d 149, 155 [4] (Mo.App.1962); *see also Belisle v. Wilson*, 313 S.W.2d 11, 17 [11] (Mo.1958). The causal connection, if any, between appellant's injuries and respondent's negligence was for the jury, *Glowczwski v. Foster*, 359 S.W.2d 406, 409 [3] (Mo.App.1962); *Croney v. Pence*, 346 S.W.2d 574, 577 [4] (Mo.App.1961); that issue has been resolved by them in defendant's favor and we will not interfere.

Plaintiff also raised the issue of passion, bias and prejudice of the jury in denying his claim for personal injuries. It has long been the rule in Missouri that an appellate court may not infer bias or prejudice merely from the amount of the verdict, but the party raising this issue must show "some incident or occurrence at the trial, or error committed, of such a nature as to engender bias, passion or prejudice." *Reynolds v. Arnold*, 443 S.W.2d 793, 801 [11]

(Mo.1969); *Erny v. Revlon, Inc.*, 459 S.W.2d 261, 267 [9] (Mo.1970); *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 801 [15] (Mo.App. 1975). Plaintiff having pointed to no such incident or occurrence, and we, having found none, the contention is denied.

Finally, plaintiff contends that even if the jury found defendant did not cause plaintiff's injuries, plaintiff was entitled to recover the cost of x-rays and other diagnostic expense reasonably necessary to determine if he had been injured, citing *Wise v. Towse*, 366 S.W.2d 506 (Mo.App.1963). However *Wise* does not stand for the proposition that such damages must be awarded as a matter of law if the jury finds defendant negligent. Instead the court in *Wise, supra* at 508, held that when, following an accident, a party seeks diagnosis and treatment for injuries, and the consulted doctor orders x-rays or other diagnostic procedures, "[w]e should ascribe honest motives, good faith and proper conduct in such matters, at least to the extent of permitting the jury, if it wishes to do so, to infer as a reasonable inference that these medically prescribed x-rays were sufficiently necessary to permit reimbursement of their cost as an element of damage." The court then ruled that the trial court erred by withdrawing from the jury's consideration, evidence of plaintiff's x-ray expense, because the jury could properly consider the seriousness of the collision, the fact of pre-existing injuries and all relevant circumstances in determining plaintiff's entitlement to recover such diagnostic expenses. However, questions of causal connection and other factual determinations were for the jury, not the court to decide as a matter of law.

Defendant, to obviate the necessity of plaintiff bringing in "someone from the office" stipulated that Dr. Dooley's bill for $50 was "reasonable and necessary" and by so doing rendered that item of evidence admissible as a business record without further proof. However this stipulation did not, as plaintiff contends, constitute a binding admission requiring the jury to find the injuries and this $50 expenditure causally connected, simply because defendant was found negligent.

Judgment affirmed.

McMILLIAN, P. J., and STEWART, J., concur.