Betty J. LAUBER, Plaintiff-Appellant,

v.

Steven C. BUCK, Defendant-Respondent.

No. 41872.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 7, 1981.

Carter & Casey, Thomas J. Casey, St. Louis, for plaintiff-appellant.

Vincent Tissi, Robert C. Born, St. Louis, for defendant-respondent.

WEIER, Judge.

While waiting at a controlled intersection for a car to pass in front of her, Betty J. Lauber felt the impact of another vehicle operated by Steven C. Buck when it collided with the rear of her station wagon. She filed suit for personal injuries and damage to her station wagon. The case was submitted to a jury which returned a verdict in favor of the defendant and plaintiff appeals from the ensuing judgment entered against her. Her first point on appeal contends that the verdict in favor of the defendant

was "so grossly and shockingly inadequate and contrary to the weight of the evidence, and the law under the evidence as to demonstrate the bias, passion, and prejudice of the jury." To sustain this point plaintiff asserts that prior to trial defendant admitted to liability and that there was uncontroverted evidence that the collision was a substantial one; plaintiff developed an immediate onset of symptoms which continued uninterrupted to time of trial; plaintiff had never previously injured her neck or right arm and had not reinjured those areas since the collision; she immediately sought medical attention and continued periodically to receive medical care and treatment; that plaintiff sustained substantial injuries caused by the collision; that plaintiff incurred expenses for medical treatment; and that plaintiff's automobile was damaged. We examine this contention in the light of general principles that apply.

■■■ In the first place appellant's point appears to be directed to trial court error in failing to grant plaintiff a new trial because the jury verdict was grossly inadequate and contrary to the weight of the evidence. An appellate court does not weigh the evidence. We view the evidence and all inferences therefrom in the light most favorable to the verdict. Inconsistencies are resolved in favor of the prevailing party and all of plaintiff's evidence must be disregarded unless it aids the defendant's case where there is a verdict for the defendant. *Stehlin v. Henry*, 554 S.W.2d 471, 472 (Mo.App. 1977). It is only when there is a complete absence of probative fact to support a verdict that an appellate court will interfere. *Stehlin v. Henry, supra.* Secondly, plaintiff raises the issue of bias, passion and prejudice and an arbitrary exercise and abuse of the jury's discretion. As stated in *Stehlin, supra* at 473, an appellate court may not infer bias or prejudice merely from the amount of the verdict but the party raising this issue must show some incident or occurrence at the trial or error committed of such a nature as to engender bias, passion or prejudice. Here plaintiff has not pointed to such an incident or occurrence and since we find none, the contention is denied.

Before the commencement of trial in this case defendant admitted liability. It was agreed by the parties that the only issue to be resolved at trial was the issue of whether plaintiff had sustained damage, and if so, the extent thereof. Plaintiff testified that at the time of impact she could not remember whether her body made contact with any part of the car's interior at the time of collision. She went to a local hospital where x-rays of her neck were taken. The x-rays were negative. Her regular physician diagnosed from her subjective complaints that she had a mild cervical strain. No treatment was indicated. Aspirin was prescribed. The doctor who was called as a witness by the defendant indicated that she had a full range of motion on her first visit to his office without any symptoms of pain. Although the last visit about one year later indicated that she had subjective symptoms of stiffness and soreness, she had a full range of motion and she was apparently free of any serious complaint. He found no muscle spasm at that time. A neurologist whose report was read into the evidence indicated that her complaints were subjective and her neurological examination was negative. The doctor could find no spasm in the cervical area. A normal cervical curvature was maintained. Based on her subjective complaints, the specialist indicated in his report that she would probably experience disability and discomfort of a permanent nature. As to the property damage, the automobile was repaired by plaintiff's husband with the help of a neighbor. No exact information was forthcoming with regard to the parts that were used or the total amount of labor. No estimates were attempted to be introduced in evidence. Mr. Lauber was allowed to testify that there was a decrease in the fair market value after the collision of about $100 or so but there is no indication as to what in his opinion the market value was before the collision nor what it was after the collision.

■■■ As to the personal injury, the causal connection if any between plaintiff's

injuries and defendant's negligence was for the jury. *Stehlin, supra* at 473. It is also the function of the jury to pass upon the credibility of the witnesses that the automobile was damaged and to determine the weight and value of the testimony. *Skadal v. Brown*, 351 S.W.2d 684, 688[1–8] (Mo. 1961).

■ Although the defendant admitted liability in this case, the burden remained on plaintiff to prove she was injured and her property damaged and that both were directly caused by the negligence of the defendant. The jury failed to find in favor of the plaintiff on the last two issues that were submitted to it and plaintiff fails in her first contention on appeal. *See Merritt v. Mantony*, 353 S.W.2d 768 (Mo.1962); *Lineberry v. Robinett*, 446 S.W.2d 481, 484[1] (Mo.App. 1969); *Wise v. Towse*, 366 S.W.2d 506, 511 (Mo.App. 1963).

■ Plaintiff's second point on appeal is directed to the refusal of the trial court to give plaintiff's proffered verdict-directing instruction MAI 31.07 and in giving in lieu thereof a modified MAI 17.16.[1] Plaintiff based her contention of error upon the reasoning that defendant had admitted liability and the evidence indicated that as a matter of law plaintiff had sustained damage. We have already discussed the falsity of this latter assertion. The burden to prove both causation and injury was upon plaintiff and the jury was the final arbiter as to whether she carried this burden. As stated in the notes on use under MAI 31.07, the instruction should be used only in rare cases where the defendant is liable as a matter of law and the only issue is the amount of damages. If the proffered instruction had been given and a jury verdict had been rendered in favor of the plaintiff, the giving of the instruction would no doubt have been error. *See Watts v. Handley*, 427 S.W.2d 272, 275–276[4] (Mo.App. 1968) and *Booth v. Rauch*, 525 S.W.2d 376 (Mo.App. 1975) for more thorough discussions of this problem. In the present case defendant did not admit causation or injury. The issue of plaintiff's injuries was contested during the course of the trial and through closing argument. We find no error in giving the modified MAI 17.16 instruction.

■ Plaintiff's final contention that she was entitled to be compensated for the cost of x-rays and examination at St. Joseph's Hospital has no merit. She contended that she was entitled to be compensated for the charges for this examination as a matter of law. Such is not the holding of *Wise, supra*, that case holding that a trial judge should have submitted the question of medical examination and expenses thereof as an item of damage to the jury. In the instant case these charges were submitted to the jury for their consideration and the jury resolved those issues in favor of defendant.

The judgment is affirmed.

PUDLOWSKI, P. J., and GUNN, J., concur.

1. Plaintiff's proffered verdict director MAI 31.-07 read as follows:

"Under the law, defendant is liable to Betty Lauber for damages in this case. Therefore, you must find the issues in favor of Betty Lauber and award her such sum as you believe will fairly and justly compensate her for any damages you believe she sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence."

The modified MAI 17.16 instruction given by the court read as follows:

"Your verdict must be for Betty J. Lauber if you believe that as a direct result of the collision, she sustained damage."

With this last instruction was given the usual damage instruction MAI 4.01.