**George L. KARTSONIS, Appellant,**

v.

**Shirley A. HARDWICK, Respondent.**

**No. WD 32278.**

Missouri Court of Appeals, Western District.

Feb. 9, 1982.

Robert Ernest Gould of Gould & Moore, Kansas City, for appellant.

G. Spencer Miller of Miller & Dougherty, Kansas City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

In an action to recover damages allegedly caused by defendant's (Hardwick's) negligence, the jury returned a finding for defendant. The trial court entered judgment in accordance with the verdict and this appeal followed. The judgment is affirmed.

The sole point presented on appeal charges trial court error in overruling appellant's motion for a directed verdict on the issue of liability because appellant made a prima facie case under the "Rear-End Doctrine", and there was no substantial evidence to support respondent's defense of sudden stop.

In summary, the record reveals the following facts. By stipulation, contributory negligence was not an issue. Appellant testified that at about 6:30 a.m. on October 10, 1973, he was operating his automobile in a generally westward direction on U.S. 50 Highway in the City of Lee's Summit, Missouri, headed toward Kansas City. It was dark and a steady drizzle was falling. At a point approximately ten to fifteen car-

lengths east of the intersection of U. S. 50 Highway and O'Brien Street, the traffic light for westbound U. S. 50 traffic was yellow. Appellant testified that he slowed his automobile gradually, the light turned red, and he stopped his automobile. He was the first vehicle in line, and (as he testified) stopped entirely in his own lane with his foot on the brake. After a momentary time lapse, respondent's vehicle struck the rear of appellant's automobile, propelling the latter into the intersection.

The foregoing evidence was contradicted by respondent's evidence. It was respondent's testimony that at the time the traffic light turned yellow, half of appellant's vehicle was in the intersection and appellant "tapped his brakes", which respondent perceived as an indication that appellant "was going through the light". Respondent then testified that appellant "came to a sudden stop in the middle of the intersection", and the collision resulted. Appellant offered evidence regarding the alleged point of impact which included broken glass debris and a shakedown eighteen feet south of the intersection.

At the close of the evidence, appellant made an oral motion for a directed verdict upon the issue of liability. The motion was overruled. The jury returned its verdict in favor of respondent.

■ In his argument and while admitting the rarity of a directed verdict for plaintiff on the issue of liability, appellant nevertheless argues that the instant case falls within the rule announced in *Watts v. Handley*, 427 S.W.2d 272 (Mo.App.1968), where such motion was upheld on appeal. A reading of *Watts* reveals a critical fact distinguishing it from the instant case in that defendant in *Watts* did not dispute the facts as to how the collision occurred. *Watts* is found not to be controlling. A more general rule applies in situations where a party asserts a claim and proof is necessary to establish the same. The party " 'is not entitled to a directed verdict where his proof rests on oral testimony although the opposing party offers no evidence on the issue, as the truth and weight of his

evidence, the credibility of his witnesses, remains an issue for the jury.' " *Rogers v. Thompson*, 364 Mo. 605, 265 S.W.2d 282, 287 (1954) as quoted in *Booth v. Rauch*, 525 S.W.2d 376, 378 (Mo.App.1975). See also *Joseph v. Orscheln Bros. Truck Line, Inc.*, 609 S.W.2d 238 (Mo.App.1980). The instant case is one-step further removed in that respondent's evidence sharply disputes appellant's evidence as to how the collision occurred.

In a recent decision and one involving the question of whether the trial court erred in its refusal to submit a verdict-directing instruction offered by the plaintiff on the issue of liability (even though liability was admitted by the defendant); the reviewing court held that refusal of the offered instruction was not error because in addition to liability, plaintiff bore the burden of proving causation which was not admitted by the defendant. *Lauber v. Buck*, 615 S.W.2d 89 (Mo.App.1981). Reviewed by the rationale adopted in *Lauber*, the propriety of the trial court's action becomes obvious. In the instant case, the facts under which the collision occurred were unquestionably in dispute.

To further his argument, appellant contends that this case comes squarely within the "Rear-End Doctrine". See *Hughes v. St. Louis Public Service Co.*, 251 S.W.2d 360 (Mo.App.1952). It is true that under such doctrine, an inference of negligence arises. However, if the evidence is conflicting and is sufficient, as in the instant case, such inference can be rebutted and becomes a matter for determination by the trier of fact. In the instant case, the conflicting evidence supported submission of the case to the jury and the denial of appellant's request for a directed verdict.

Appellant contends that respondent's account of the collision is contrary to the laws of physics and the physical facts, and therefore was of no probative value. It has long been the practice of our courts not to indulge in arbitrary deductions from physical laws and facts unless they are so clear and irrefutable that no room remains for reasonable minds to derive any other con-

clusion. *State v. Black*, 611 S.W.2d 236, 241 (Mo.App.1980). The major defect in appellant's argument is that respondent's evidence is only implausible in light of facts drawn from appellant's own testimony. For example, respondent's statement that appellant came to a near stop in a distance of less than thirty feet (thirty feet is the width of the intersection) becomes incredible only if appellant's assertion that the speed of his vehicle was thirty miles per hour is accepted as true. By contrast, respondent was never asked and never testified concerning the speed of appellant's vehicle, but did testify that appellant tapped his brakes, entered the intersection, and came to a sudden stop in the intersection.

Review of the whole evidence discloses that respondent's evidence submits a contradictory account of the collision, not an impossible one. Further, review by this court in determining whether the trial court's action was proper requires that the evidence and inferences be viewed in a light most favorable to the respondent. That evidence was sufficient to create a factual question, the determination of which fell exclusively within the province of the jury as the trier of fact.

There is no merit to appellant's charged error and it is ruled against him. The judgment in all respects is affirmed.

All concur.