Leo C. DE VOTO, Jr., and Audrey De Voto, his wife (Plaintiffs), Respondents,

v.

FEZ CONSTRUCTION COMPANY, a corporation (Defendant), Appellant.

No. 28929.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1954.

Earl G. Smith, St. Louis, for appellant.

Willson, Cunningham & McClellan and Richard D. Gunn, St. Louis, for respondents.

IVAN LEE HOLT, Jr., Special Judge.

This is a suit for damages by a purchaser of residential property and his wife against a builder-seller for misrepresenting the location of one of its boundary lines. Defendant has appealed from a $750 adverse judgment. We shall designate the parties as below.

Plaintiffs' evidence in part tended to show: in September 1950 they went to the Meadowbrook Downs Subdivision in St. Louis County to look for a home to buy; at that time defendant had about twenty-five houses in various stages of construction there; they were shown available houses

by defendant's salesman Mohan and on several later occasions had conversations with him about the one involved here; it had a chat driveway along the west side running to a point somewhat south of the back of the house, and he stated more than once that the west boundary of the property was the driveway's western edge; on September 19, 1950, they purchased the house and lot for $10,500; about nine months later their neighbor to the west erected a fence on his east line and they discovered their west line at the rear of the lot was about six feet east of where represented by Mohan but correct at the front; the fence took in about three feet of the driveway at the maximum and though a car could be driven between it and the house, the doors could not be opened there more than six inches; a new drive later put in had to be flush with the west side of the house and include part of the back and front walks; and the value of the property as represented was $10,500 and as was was $9,300.

Defendant's evidence in part tended to show: Plaintiff was an attorney and had studied Real Property in law school; all the documents pertaining to the sale described the property as "Lot 34 of Block 9 in Meadowbrook Downs Plat No. 1"; before the sale Mohan showed the plaintiffs a plat which gave the dimensions of the lot; Mohan did not represent the location of the boundary as without a stake it was impossible to know where it was; there were no stakes on the lot; eight feet is the standard width driveway for houses of the type involved; and the value of the property was $10,500 with the fence up, there still remaining eight feet for the driveway.

Defendant without any supporting citations complains of the verdict directing and damage instructions given in behalf of plaintiffs, and the refusal of Instruction A offered in its behalf.

■ The verdict directing instruction after requiring findings of purchase of the property, the misrepresentation, reliance and scienter contained the following: "and if you further find that the correct western edge or boundary line of said property was thereafter discovered by plaintiffs to coincide with a fence described in the evidence and located on the western side of the property * * *." Defendant suggests the instruction should not have referred to the fence erected about seven months after the purchase. The trial was replete with references to the fence, all parties introduced photographs of it and defendant's president admitted it was on the true line. Under those circumstances we do not think that portion of the instruction misleading.

■ The damage instruction set the measure as the difference between the reasonable market value of the property as represented and the property with the boundary line coinciding with the fence. We think correctly so. Louis Steinbaum Real Estate Co. v. Maltz, Mo.Sup., 247 S.W.2d 652, loc. cit. 655, 31 A.L.R.2d 1052 and McFarland v. Cobb, Mo.Sup., 64 S.W. 2d 931, loc. cit. 935.

■ Instruction A directed a verdict for defendant "if you find and believe from the evidence that said plaintiffs were negligent in failing to have said real estate surveyed prior to consummating said purchase." The instruction is erroneous for a number of reasons, among them, that even though "a purchaser has it in his power by a survey to establish the true boundaries of the land, this does not preclude him from relying on the positive representations of the vendor with regard thereto." 55 Am. Jur., sec. 76, p. 551.

■ Defendant next complains that "The verdict of the jury was against the law." Such an assignment has long been held too general to present anything for review. Phelps v. Dockins, Mo.App., 234 S.W. 1022.

■ Defendant's last point is that "The verdict was against the weight of the evidence and was based upon bias and prejudice on the part of the jury." Cases are legion in Missouri holding the first part of the point presents nothing to us and is

for the trial court. For two recent examples see Romandel v. Kansas City Public Service Co., Mo.Sup., 254 S.W.2d 585, and Fisher v. John Hancock Mutual Life Insurance Co. of Boston, Massachusetts, Mo.App., 229 S.W.2d 246. If the second part of the point is separable, suffice it to say we have examined the record and find nothing to indicate the jury was actuated by bias or prejudice.

The judgment is affirmed.

ANDERSON, P. J., and BENNICK, J., concur.