Raymond MOORE, Plaintiff-Respondent,

v.

**RUTGER STREET SAND COMPANY,**
a Missouri Corporation, Defend-
ant-Appellant.

No. 32543.

St. Louis Court of Appeals.

Missouri.

May 16, 1967.

**2**

Evans & Dixon, John C. Shepherd, Paul V. Gilbert, St. Louis, for defendant-appellant.

Mogab & Hughes, St. Louis, for plaintiff-respondent.

BRADY, Commissioner.

Plaintiff brought this action to recover damages for personal injuries allegedly occurring while he was an employee of defendant. The jury's verdict was in favor of plaintiff in the amount of $7,200.00 and judgment was entered thereon. Defendant appeals.

Prior to consideration of this appeal upon its merits we must rule the plaintiff's motion to dismiss this appeal which was taken with the case upon submission. The facts relating to that motion show that plaintiff originally instituted this action against the defendant and Missouri-Illinois Material Company, a Corporation. Plaintiff dismissed his cause of action without prejudice as to Missouri-Illinois at the close of all the evidence. Immediately following that dismissal the court stated: "That thereafter Defendant Rutger Street Sand Company filed its motion for a Directed Verdict at the close of all the evidence." The next item in the transcript shows a motion for a directed verdict offered at the close of all the evidence " * * * ON BEHALF OF DEFENDANT MISSOURI-ILLINOIS MATERIAL COMPANY." Following this motion appears: "Presented, argued, submitted and overruled. /s/ John C. Casey, Judge." The transcript discloses the court then proceeded to rule upon the offered instructions immediately following which counsel for defendant stated: "I object to the Court submitting this case to the jury * * * and for the reasons set out in the motion for directed verdict, which has heretofore been overruled, all of these being grounds that the defendant Rutger Street Sand Company urges to the Court that this case should not be submitted to the jury, * * * THE COURT: Such motion will be overruled and denied. The cause will be submitted to the jury." In support of his motion to dismiss the appeal the plaintiff has filed a certified copy of the minute entries of the court file in this cause which fail to show a written motion for directed verdict offered at the close of all the evidence entitled or otherwise stating it was offered on behalf of defendant.

Defendant did not file a motion for new trial but instead relied upon the after-trial motion procedure provided under Civil Rule 72.02, V.A.M.R., and filed a motion for judgment in accordance with its motion for summary judgment and its motion for a directed verdict offered at the close of all the evidence. The judgment became final thirty days from the date of the verdict which was on December 9, 1965.

The plaintiff's contention is that this appeal must be dismissed for the reason that the defendant did not file a motion for directed verdict and there is therefore nothing for this court to review under defendant's after-trial motion for judgment in accordance with its motion for directed verdict. The defendant concedes that the record is void of any motion for directed verdict offered on its behalf at the close of all

the evidence but contends it is obvious there was such a motion filed. We must agree with the defendant. While such a motion does not appear the court stated defendant had filed its motion for directed verdict. The notation of the court that such a motion was "presented, argued, submitted and overruled" as signed by the trial judge must refer to the motion of defendant since the Missouri-Illinois Material Company had passed out of the case immediately prior to this due to plaintiff's dismissal of his cause of action as to that company and there would be no reason to present, argue or submit a motion for directed verdict as to it. Moreover, the statement of defendant's counsel following the trial court's ruling upon the offered instructions shows clearly that the parties considered the defendant had filed a motion for directed verdict and the court's ruling upon defendant's counsel's objection shows it had the same understanding. It is useless to speculate as to what happened; whether the motion of the defendant was lost or whether counsel for defendant picked up the wrong piece of paper and submitted a motion for Missouri-Illinois when he intended to submit the motion on behalf of the defendant. In any event, we hold the transcript discloses that a motion for directed verdict was offered by the defendant at the close of all the evidence. Plaintiff's motion to dismiss this appeal is overruled.

■ There is a related matter raised by defendant's brief and not contained in the motion to dismiss which, in the interest of clarity, is best disposed of at this point. Plaintiff raises the contention in his brief this appeal should be dismissed for the additional reason that even if we determine defendant filed a motion for a directed verdict there still is nothing properly before us to rule. Plaintiff's argument proceeds in this fashion. Only those allegations in the motion for directed verdict offered at the close of all the evidence are before this court on appeal and since the only motion for directed verdict shown in the transcript is that offered on behalf of Missouri-Illinois, the only claim of error available to defendant is that stated therein; i. e., " * * * under the law and the evidence, plaintiff is not entitled to recover against this defendant." Of course, as plaintiff points out, this statement in a motion for directed verdict, by itself, saves nothing for appeal. See De Voto v. Fez Const. Co., Mo.App., 271 S.W.2d 199. The result, plaintiff urges, is that even if we decide (as we have herein) defendant filed a motion for directed verdict at the close of all the evidence we still must dismiss this appeal for the reason that by failing to file a motion for new trial defendant waived every claim of error not set out in the motion for a directed verdict and, as stated, the only allegation of error set out in the motion for directed verdict is one which is insufficient to preserve anything for our ruling.

The answer to this contention is that all that is required is for defendant to be specific in presenting his arguments at one point or another during the trial so the trial court has an opportunity to be informed of his contentions and to correct any error it may have committed. Defendant was not specific as to his grounds in his motion for directed verdict. However, he was specific in setting forth his contentions in his after-trial motion for judgment. Accordingly, we rule this point against the plaintiff and will proceed now to the merits of this appeal.

The facts bearing upon the issue for our ruling are that plaintiff's petition alleged he was employed by the defendant as a deckhand and a member of the crew of the vessel known as "Gilmore" as a "barge dropper" and was injured by defendant's negligence in failing to provide him with a reasonably safe place to work. Plaintiff submitted his case to the jury upon an instruction which required the jury to find: "FIRST: Plaintiff was employed by defendant to work as a seaman and that plaintiff did work as a seaman for defendant on barges which operated on the Mississippi River, and SECOND: Defendant failed to

provide plaintiff a reasonably safe place to work, * * *."

Prior to the date of trial of the instant case plaintiff filed an action in the United States District Court for "maintenance and cure"; an Admiralty action. That action arose out of the same occurrence as that alleged in the instant case, and the parties, both plaintiff and defendant, and their attorneys, were identical to those in the instant case. Trial in the Admiralty action took place prior to that in the instant case and resulted in judgment for the defendant. That judgment was later affirmed by the United States Court of Appeals. The findings of fact and conclusions of law as made by the trial judge in the United States District Court were stipulated to by the parties and were admitted for purposes of the record so as to preserve the issue for appeal but they were not read to the jury. The pertinent parts of those findings of fact are as follows: Plaintiff's primary duty was that of a general laborer in shoveling, cleaning, and filling bins and other general labor around the plant; plaintiff occasionally relieved the regular "barge dropper" and when so acting would release a barge from its mooring so as to change its position in relation to crane or sand shovel; plaintiff's duties did not require him nor was he ordered to board the vessel "Gilmore" or any other vessel; plaintiff's duties as a "barge dropper" were temporary and occurred only when there were barges docked at defendant's plant; plaintiff lived, slept and ate ashore and received an hourly wage and overtime pay; plaintiff's accident did not occur while he was "barge dropping" but rather while he was performing the general labor duties connected with the operation of the sand processing plant; and that plaintiff was subject to no maritime hazard at the time of his injury. Stated as a conclusion of law appears the following: "Plaintiff was not a seaman nor a member of a crew of any vessel on or about the day of his alleged injury within the meaning of the General Maritime law or the Statutory Law of the United States."

Defendant's sole contention in this appeal is that the trial court erred in failing to grant its after-trial motions for the reason the doctrine of collateral estoppel applies so the determination by the United States District Court that plaintiff was not a seaman was conclusive and binding upon the judge in the instant case. The defendant's contention is that it was essential in the Admiralty case for plaintiff to prove he was a seaman in order to be entitled to maintenance and cure, and proof of this same issue is equally essential to his recovery in the instant "Jones Act" case. Since the same issue and the same parties are involved in both cases defendant contends the decision by the Federal District Court plaintiff was not a seaman or a member of a crew under Admiralty law is determinative of that point in the instant case. Of course, if plaintiff was not a seaman he cannot maintain his cause of action.

With commendable candor the plaintiff concedes that under Missouri law the decision of the United States District Court plaintiff was not a seaman would be binding upon the trial court in the instant case if such a holding could be characterized as a finding of ultimate fact. For Missouri law on the subject see Kimpton v. Spellman, 351 Mo. 674, 173 S.W.2d 886, and Smith v. Preis, Mo., 396 S.W.2d 636. The leading Missouri case on the subject is State ex rel. Gott v. Fidelity & Deposit Co. of Baltimore, Md., 317 Mo. 1078, 298 S.W. 83, l. c. 87. Plaintiff's position is that what is here involved is a conclusion of law and that the doctrine of collateral estoppel does not extend to such matters.

■ We cannot agree. While we do not place our decision upon this ground it is pertinent to note that plaintiff's contention the doctrine of collateral estoppel does not apply to conclusions of law is

only partially correct. The applicable rule is usually stated in the manner in which it appears in Young Men's Christian Ass'n of St. Louis and St. Louis County v. Sestric, 362 Mo. 551, 242 S.W.2d 497, l. c. 508, where the Restatement, Judgments, 1948 Supplement, Sec. 70, Comment f., was quoted with approval as follows: "[11] 'The determination of a question of law by a judgment in an action is not conclusive between the parties in a subsequent action on a different cause of action, even though both causes of action arose out of the same subject matter or transaction, *if it would be unjust* to one of the parties or to third persons to apply one rule of law in subsequent actions between the same parties and to apply a different rule of law between other persons.' " (Emphasis supplied.) The question therefore turns upon the justice of the situation and, absent a showing injustice would result, the doctrine of collateral estoppel is applicable to conclusions of law. Since the issue of whether plaintiff was a seaman was essential to the Admiralty action as well as to the instant case it would be difficult to comprehend a resultant injustice should the decision of the District Court be held determinative in the instant case. The only attempt plaintiff makes to show injustice is to contend he was entitled to a jury trial of that issue. The answer would seem to be he chose his forum and manner of proceeding when he filed the Admiralty case. He knew he would not have a jury trial in such a proceeding and he should not now be heard to complain that he was entitled to a jury trial and so should have proceeded in another manner.

In any event, as stated earlier herein, we do not place our decision in the instant case upon such ground. We hold that, regardless of in what portion of its decision the District Court placed its finding with regard to whether plaintiff was a seaman, such a holding was a finding of ultimate fact. In the instant case it should be noted that all of the findings of fact listed as such by the District Court are those which lead up to the decision of the ultimate fact; i. e., was plaintiff a seaman. One of those findings of fact contains the ruling, by implication at least, plaintiff was not a seaman. Such is a fair inference to be drawn from the District Court's finding that plaintiff's primary duty was that of a general laborer. The same implication may be drawn from the finding plaintiff was not subject to any maritime hazard at the time of his injury.

In the case of Williams v. Milwhite Sales Company, D.C., 197 F.Supp. 730, it was held that whether or not a man is a seaman is for the jury to determine. Norris, in his book *The Law of Seamen*, at Sec. 660, p. 799, states the question is one of fact which must be determined by the trier of the facts. In determining the Admiralty case the District Court was, in effect, sitting as a trier of fact. A submission to him of the essential question of whether or not plaintiff was a seaman was a submission of fact to the trier of the facts. Norris, *The Law of Seamen*, supra. The identical issue here presented was before the court in Wahlgren v. Standard Oil Co. of New Jersey, D.C., 58 F.Supp. 783. Under the circumstances presented in the instant case we hold that the District Court found as a matter of fact the plaintiff was not a seaman and that such finding is binding upon the plaintiff in the instant case.

The judgment must be reversed and the cause remanded to the trial court with instructions to enter its order sustaining the defendant's after-trial motion for judgment.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is reversed and cause remanded to the trial court with instructions to enter its order sustaining the

defendant's after-trial motion, for judgment.

ANDERSON, P. J., RUDDY, J., and THEODORE McMILLIAN, Special Judge, concur.