**Timothy McMILLEN, a minor, etc., et al., Appellants,**

v.

**Robert DUMMERTH, Respondent.**

**No. 53454.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Fenlon and Fenlon, Joseph A. Fenlon, Jr., Clayton, for appellants.

Brinker, Doyen & Kovacs, Eileen J. Markey, Clayton, for respondent.

SIMON, Presiding Judge.

Plaintiffs, Timothy McMillen, a minor, by and through his mother and next friend, Jill McMillen, and John and Jill McMillen, Timothy's parents, appeal from a judgment upon a jury verdict in favor of defendant, Robert Dummerth, on plaintiffs' claims arising from personal injuries to Timothy as a result of defendant's alleged negligent operation of a van. On appeal, plaintiffs contend that the trial court erred: (1) in failing to direct a verdict in their favor as to liability because Timothy, due to his age, could not be negligent as a matter of law and defendant's uncontradicted evidence established defendant's negligence as a matter of law; and, (2) in refusing to grant plaintiffs' motion for judgment notwithstanding the verdict because the verdict and the judgment were against the weight of the evidence. We affirm.

We view the evidence and its reasonable inferences in the light most favorable to the verdict. *Lauber v. Buck*, 615 S.W.2d 89, 91[1] (Mo.App.1981). Where there is a verdict for the defendant, inconsistencies in the evidence are resolved in favor of the defendant and plaintiffs' evidence must be disregarded unless it aids the defendant. *Stehlin v. Henry*, 554 S.W.2d 471, 472 (Mo. App.1977).

Bearing the above in mind, the evidence elicited at trial is as follows: Defendant was driving his van about 5 to 10 miles per hour southbound on Park Avenue, a residential street in St. Louis County. It was a warm and sunny day in November, 1983, around 3:30 p.m. Defendant observed two boys walking side by side with their backs to the van along the left or east side curb about 150 feet in front of the van. He was

completing his newspaper delivery route with his helper, however, they had already delivered papers on Park Avenue and were "deadheading," or retracing part of their route to continue it elsewhere.

An automobile was parked on the east side of the street along the curb and in the path of the boys. Defendant made certain that his van was well to the right of the seam in the middle of the road. He recognized the boys as being residents of a house on Park Avenue. In fact, they were Timothy, age 5½, and his older brother, Andy, age 10. They were walking slowly toward their house. Andy was closest to the curb and Timothy was to Andy's right or closest to the center of the road. There were no sidewalks on the street.

As the boys approached the parked automobile, they began veering out toward the middle of the street. At the same time, the van was approaching the boys from behind. When the van was about ten to fifteen feet behind the boys, defendant noticed Timothy was veering directly into the van's path. Defendant immediately sounded his horn and braked. By that time the van was alongside the boys and the parked automobile. At the sound of the horn, Andy quickly jumped forward and toward the curb. Defendant lost sight of Timothy. Upon hearing a slight thud, defendant and his helper exited the van and found Timothy on the street bleeding.

Defendant's helper testified that he observed the two boys as the van first pulled onto the block. The helper was seated directly behind the driver's seat, looking out the left side of the van. He testified that the boys wandered further and further out into the middle of the street. Defendant's van was already as far to the right side of the street as possible. When defendant sounded his horn, Andy pushed Timothy to get himself out of the way. As a result, Timothy stumbled off-balance and jumped into the side of the van. The helper further added that if defendant had not sounded his horn, Timothy would have still come into contact with the side of the van.

Timothy's leg was broken. He was hospitalized three times and received three separate surgeries. During his hospitalizations, his mother, Jill McMillen, stayed with him constantly. During his recovery the McMillens hired a babysitter for Timothy during the day. As of the trial, Timothy participated in team sports but runs "with a skip" when he tires.

The case was tried on Timothy's Third Amended Petition, his parent's First Amended Petition and defendant's original answer, wherein defendant denied liability and claimed Timothy was solely negligent. At the close of all the evidence, plaintiffs filed their motion for directed verdict which was denied. The jury rendered verdicts in favor of defendant on both claims. Judgment was thereafter entered on the verdicts. Plaintiffs filed their motion for judgment notwithstanding the verdict which was denied.

In their first point on appeal, plaintiffs contend that the trial court erred in failing to direct a verdict in favor of plaintiffs and against defendant as to the issue of liability. Plaintiffs claim that defendant's own testimony conclusively shows his liability. Plaintiffs contend that Timothy's age, as a matter of law, precludes a finding of his negligence and that defendant's uncontradicted evidence establishes his negligence as a matter of law, specifically:

A. Defendant, seeing a child of tender years walking on the street one hundred and fifty feet in front of defendant and in the same direction that defendant was proceeding with his back to defendant, and knowing that the child was unaware that defendant was operating a vehicle on that street at that time, permitted his vehicle to come from a distance of 150 feet behind the child to a distance of three to five feet behind the child, without sounding a warning; nor changing the course of his vehicle, nor stopping nor slowing down;

B. Defendant failed to take affirmative evasive action and to sound a warning when he saw the child, who had been walking on the left hand side of the road, start to walk out toward the center of the road to get around a car which was parked on the left hand side of the road,

and to follow a path which would bring the child in to close proximity to defendant's moving vehicle;

C. Defendant, knowing that a horn would startle the child, waited until his moving vehicle was three feet to five feet from the child before defendant sounded the horn, which sounding caused the child to move suddenly sideways into contact with the vehicle causing him injury; and

D. Defendant failed to recognize a dangerous and safety threatening situation to the child as it developed, and delayed exercising any acts to reduce the risk to the safety of the child until the child was in a situation of immediate peril.

A directed verdict is a drastic action and should be granted only where no reasonable persons could differ on a correct disposition of the case. *Jarrell v. Fort Worth Steel & Mfg. Co.,* 666 S.W.2d 828, 833[3] (Mo.App.1984). Rarely does a negligence case depending upon oral testimony present itself wherein the court is justified in directing a verdict in favor of the party having the burden of proof. *Zagarri v. Nichols,* 429 S.W.2d 758, 760[1] (Mo.1968). Only in exceptional circumstances, as in the case where defendant in his pleadings or by his counsel in open court admits, or by his own evidence establishes, plaintiff's claim, or where there is no real dispute of the basic facts supported by uncontradicted testimony essential to a claim, have the courts indicated that there may be an exception to this general rule. *Id.* at 760[2].

Defendant's evidence in this case, contrary to plaintiffs' contentions, does not establish defendant's liability as a matter of law. A careful review of defendant's answer, testimony, and attorney's arguments leaves us with a definite and firm impression that there was no admission of liability. Further, the facts of this case were not so well established by defendant's uncontradicted testimony that we can say there was no dispute as to the basic facts establishing defendant's liability. For example, defendant and his helper testified that the van was as far to the right as possible, on the west side of the street. Also, defendant's helper's testimony indicated that Timothy would have come into contact with the side of the van even if the horn was not sounded. Further, defendant's testimony indicates he was 10 to 15 feet behind Timothy when he braked and sounded the horn. Further, defendant's helper's testimony indicated that on the sound of the horn "he [Andy] kind of pushed over the brother [Timothy], to get out, and the other brother [Timothy] stumbled in front of the van where I was sitting." Clearly, there is a dispute as to these facts and the facts set forth in plaintiffs' point on appeal.

Whether negligence should or should not have been found from the evidence in this case was a matter within the province of the jury and not the trial court. *Vincent v. Raffety,* 344 S.W.2d 293, 296[3] (Mo.App. 1962). Therefore, we conclude that the trial court did not err in failing to direct a verdict for plaintiffs regarding defendant's liability. Point denied.

In their second and final point on appeal, plaintiffs contend that the trial court erred in refusing to grant their motion for judgment notwithstanding the verdict because the verdict and judgment are against the weight of the evidence.

A motion for judgment notwithstanding the verdict should be sustained only when the evidence and its reasonable inferences is so strongly against the non-moving party's case that there is no room for reasonable minds to differ. *Bizzle v. Enterprise Leasing,* 741 S.W.2d 84, 85[2] (Mo.App. 1987). Here, it cannot be said that the evidence was so strongly against defendant that there is no room for reasonable minds to differ. The jury found, and there is evidence in the record to support such finding, that defendant was not liable. Whether a jury's verdict is against the weight of the evidence is a question for the trial court alone. *Hartley v. Matejka,* 585 S.W.2d 240, 241[3] (Mo.App.1979). The weight of the evidence is not a matter for this court. *Borden v. Phillips Petroleum*

*Co.*, 541 S.W.2d 53, 56[2] (Mo.App.1976). Point denied.

Judgment affirmed.

CRANDALL and GRIMM, JJ., concur.