**Duane C. BROEKER,
Plaintiff–Respondent,**

v.

**Lloyd M. HAID, Defendant–Appellant.**

No. 56765.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 27, 1990.

David M. Duree, Leritz, Reinert & Duree, St. Louis, for defendant-appellant.

Rudolph L. Veit, Dana L. Frese, Carson, Coil, Riley, McMillin, Levine & Veit, Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Lloyd M. Haid, appeals from a judgment in favor of plaintiff, Duane C.

Broeker, in plaintiff's action for bodily injury from a rear end automobile collision. We reverse and remand.

At the time of the collision, plaintiff was a passenger in an automobile traveling east on Route 100, a two-lane highway. Defendant was driving his automobile and traveling the same direction, directly behind plaintiff's car. Plaintiff's car stopped in response to the direction of a construction flagman. Soon after plaintiff resumed traveling forward, the front end of defendant's car collided with the rear end of plaintiff's car.

At trial, plaintiff's evidence consisted of the video-taped deposition of one of plaintiff's examining physicians and the testimony of plaintiff, plaintiff's father, and defendant. Defendant admitted that he saw plaintiff's car come to a stop and that the front of defendant's car collided with the rear end of plaintiff's car. He also admitted that his car left 76–foot skid marks as indicated in the patrol report of the collision. Defendant did not put on evidence in his own behalf.

On motion of plaintiff at the close of all the evidence, the trial court directed a verdict in favor of plaintiff on the issue of liability only. The court submitted the issue of damages to the jury, and the jury returned a verdict awarding damages to plaintiff in the amount of $16,500.

■ For his first point defendant claims the trial court erred in granting plaintiff's motion for a directed verdict. A directed verdict is a drastic action and should be granted only when reasonable persons would not differ on the correct disposition of the case. *Marti v. Economy Fire & Cas. Co.*, 761 S.W.2d 254, 255 (Mo. App.1988). A negligence case depending upon oral testimony rarely presents a case in which the court is justified in directing a verdict in favor of the party having the burden of proof. *McMillen v. Dummerth*, 756 S.W.2d 613, 615 (Mo.App.1988). Exceptions lie where defendant in his pleadings or by his counsel in open court admits, or by his own evidence establishes, plaintiff's claim or where there is no real dispute of the basic facts supported by uncontradicted testimony essential to the claim. *Id.*

■ Plaintiff's evidence does not establish defendant's negligence as a matter of law. We have reviewed defendant's testimony and his attorney's arguments and find no admission of liability. Further, the facts of this case were not so well established by uncontradicted testimony that we can say there was no dispute as to the basic facts establishing defendant's liability. Plaintiff's evidence may have supported a submission under the rear end doctrine. That rule of law simply means that plaintiff makes out a *prima facie* case of specific negligence for the trier of fact. *Jensen v. Pappas*, 684 S.W.2d 524, 527 (Mo.App.1984). A *prima facie* case, however, does not mean the evidence is uncontradicted.

Here, numerous questions of fact remained for the jury relating, *inter alia*, to the time and distance available to the operator of the overtaking vehicle and the placement of the two vehicles at the time of impact.

Whether liability should or should not have been found from the evidence in this case was a matter within the province of the jury and not the trial court. *McMillen*, at 615. The trial court erred in directing a verdict for plaintiff on the issue of liability. Plaintiff's first point is granted.

The judgment of the trial court is reversed and the case is remanded for a new trial. In view of our holding, we decline to address defendant's remaining points on appeal.

PUDLOWSKI, P.J., and KAROHL, J., concur.