Joyce DUVALL, Plaintiff/Appellant,

v.

Linda SMITH, Defendant/Respondent.

No. 69692.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 24, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 29, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Robert R. Schwarz, St. Louis, for plaintiff/appellant.

Crystal Y. Smith, St. Louis, for defendant/respondent.

GERALD M. SMITH, Judge.

Plaintiff appeals from a judgment for defendant based on a jury verdict in a rear end accident case. We reverse and remand.

The accident occurred at an intersection in north St. Louis county. Plaintiff was stopped at a four way stop at the intersection when she was struck from behind by the defendant's vehicle. Defendant had been following plaintiff since the previous intersection stop a block away. Plaintiff testified that she was stopped at the intersection for two seconds when she was struck.

Defendant testified that she was traveling at a maximum speed of fifteen miles per hour between the intersections. She observed plaintiff's truck at the intersection and saw the brake lights on. Then the brake lights went off but plaintiff remained stopped at the intersection. Defendant testified that she was momentarily distracted and when she looked again she realized that plaintiff had not moved through the intersection. Defendant then hit her brakes hard and collided with plaintiff.

Defendant also testified:

Q. As far as you are concerned, what caused the accident was she didn't move off?

A. Right. She just sat there.

Q. Did you ever glance down before you hit her, and then look up and realize that the vehicle was still there?

A. Yes, I assume I did because all of a sudden she wasn't moving. I thought I must have looked away because when I saw, she wasn't moving.

Plaintiff has raised four claims of error. The only one we need consider is her point that the trial court erred in failing to direct a verdict on the issue of negligence against the defendant.

■ In *Broeker v. Haid*, 786 S.W.2d 615 (Mo.App.1990), relied upon by the trial court in denying the motion for directed verdict, we noted that a directed verdict is a drastic action and should be granted only when rea-

sonable persons could not differ on the correct disposition of the case. *Id.* at [1,2]. A negligence case depending upon oral testimony rarely presents a case in which the court is justified in directing a verdict in favor of the party having the burden of proof. *Id.* However, an exception exists when a defendant in his pleadings or by his counsel in open court admits, or by his own evidence establishes, plaintiff's claim or where there is no real dispute of the basic facts supported by uncontradicted testimony essential to the claim. *Id.*

■ The rear-end collision doctrine recognizes that if one has his vehicle in a portion of the highway where he should have it in view of his course, and another person traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, proof of the collision under such circumstances makes out a *prima facie* case of specific negligence against the driver operating the overtaking vehicle. *Kaufmann by Kaufmann v. Nagle*, 807 S.W.2d 91 (Mo.banc 1991)[l.c. 94](quoting from *Ethridge v. Gallagher*, 773 S.W.2d 207 (Mo.App.1989)[1–3] ). The doctrine provides that those circumstances establish a *prima facie* case of specific negligence. A *prima facie* case is a case which is sufficient to go to the jury. It would compel a finding for plaintiff if defendant produces no evidence to rebut it. *Nishwitz v. Blosser*, 850 S.W.2d 119 (Mo.App.1993)[4–7].

■ The evidence here established that plaintiff had her vehicle in a portion of the highway where she should have it in view of her course. She stopped for a stop sign. The doctrine is applicable where the lead vehicle is stopped at a stop sign or stop light. *Suchara v. St. Louis Public Service Company*, 410 S.W.2d 93 (Mo.App.1966). Plaintiff did not make a sudden stop. Defendant by her own testimony was temporarily distracted and hit plaintiff because plaintiff had not moved quickly enough from her stopped position.

■ Defendant, as the following motorist, had the duty to use the highest degree of care to keep a proper lookout for other vehicles, to avoid following the vehicle ahead too

closely, and to have her vehicle under such control as to be able to stop or take other appropriate measures to avoid running into the vehicle ahead if it should suddenly slow or stop. *Nishwitz, supra* at [8,9]. That duty is not abrogated because the vehicle ahead, properly stopped for a stop sign, does not move forward as quickly as the following motorist assumes it should. Defendant offered no evidence to rebut the plaintiff's *prima facie* case and in fact, by her own testimony, established her own negligence.

Plaintiff's motion for directed verdict was worded as asking for a directed verdict on the "issue of liability and injury". The court initially granted that motion. At the instruction conference, plaintiff's counsel objected to defendant's converse instruction on the basis that negligence as a matter of law was established. The court acknowledged that it had originally granted plaintiff's motion but was reversing itself based on *Broeker v. Haid, supra.* That case dealt strictly with establishment of negligence. The record makes clear that the plaintiff was seeking a directed verdict on defendant's negligence and the court understood that to be the thrust of plaintiff's motion. Under those circumstances the court erred in denying plaintiff's motion for a directed verdict on the issue of negligence. Reasonable minds could not differ on the question of defendant's negligence. While we may suspect that the jury may have decided this case because of questionable evidence of injury causation from this relatively minor accident, we can not say that was the basis for the verdict or that if the issue of negligence had been removed from the jury's consideration it would have returned the same verdict.

The other issues raised by the plaintiff should not reoccur in their current posture on retrial so we need not address them.

Judgment reversed and cause remanded for retrial on causation and damages only.

CRANE, P.J., and PUDLOWSKI, J., concur.