Raymond Earl STIPP, and Margie Nadine Stipp, Plaintiffs/Appellants,

v.

Larry MEADOWS, d/b/a Meadows Tri–State Auto Salvage, Larry Meadows, d/b/a Meadows Tri–State Truck Salvage, Larry Meadows, Individually, et al., Defendants/Respondents.

No. 22679.

Missouri Court of Appeals,
Southern District,
Division Two.

June 21, 1999.

Motion for Rehearing and Transfer
Denied July 13, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Steven L. Groves, Robert S. Bogard, Schlichter, Bogard & Denton, St. Louis, for plaintiffs-appellants.

William J. Lasley, Flanigan, Lasley & Moore, LLP, Carthage, for defendants-respondents.

KERRY L. MONTGOMERY, Judge.

Plaintiffs Raymond Earl Stipp and Margie Nadine Stipp, his wife,[1] appeal from a

___

1. Mrs. Stipp only presented a loss of consortium claim.

judgment for Defendants based on a jury verdict in a case where two cars collided on the premises of an auto and truck salvage yard. We reverse and remand.

Plaintiffs brought this lawsuit against Larry Meadows, individually, and d/b/a Meadows Tri–State Auto/Truck Salvage (collectively referred to as Tri–State) for injuries sustained as a result of a two-car collision at Tri–State Salvage Yard on November 23, 1992.

The accident occurred after Mr. Stipp (Plaintiff) had entered Tri–State's premises to obtain an auto part. Customers were not allowed to look for parts in the yard without the assistance of a Tri–State employee. Thus, Nathan Meadows, Tri–State's employee, took Plaintiff inside the salvage yard in a "yard vehicle," an automobile owned by Tri–State. When Plaintiff obtained an acceptable part, Nathan Meadows drove him back in the yard car on an asphalt road wide enough for two cars to safely pass.

On the return trip, the yard car driven by Nathan Meadows collided with another yard car driven by Paul Miller, also a Tri–State employee. Both yard cars were in good mechanical condition, and it is undisputed that Nathan Meadows and Paul Miller were both acting within the scope and course of their employment at the time of the accident.

The testimony of Plaintiff and Paul Miller indicated that Nathan Meadows drove on the wrong side of the road striking the Miller vehicle which was almost stopped at the far side of its traffic lane. Nathan Meadows testified that at all times he was driving in his own traffic lane close to the center line. The vehicles collided left front to left front. However, all the testimony showed that the two cars could have safely passed if each car had been driven on the right side of the road.

At the close of the evidence, Plaintiffs made an oral motion for a directed verdict on the issue of liability, which the trial court denied. Plaintiffs timely filed a Motion for Judgment Notwithstanding the Verdict or in the alternative for New Trial.

These motions were also denied. This appeal followed.

Plaintiffs raise two claims of error. The first point is dispositive where Plaintiffs claim that the trial court erred in failing to direct a verdict (and in denying their JNOV motion) against Tri–State on the issue of liability.

In reviewing the denial of motions for directed verdict and for JNOV, we view the evidence, and reasonable inferences therefrom, in the light most favorable to the prevailing party below, disregarding all contrary evidence and inferences. *Marti v. Economy Fire & Cas. Co.*, 761 S.W.2d 254, 255–56 (Mo.App.1988). Viewed in this light, we find no evidence in this case except evidence that at least one of Tri–State's employees negligently caused the accident in question.

Plaintiffs argue they "made a prima facie case of negligence against Tri–State in that one or the other of its employees operated a motor vehicle on the wrong side of the road, when there was sufficient room for both vehicles to pass." As stated in *Tucker v. Wibbenmeyer*, 901 S.W.2d 350, 351 (Mo.App.1995), "That a driver is on the wrong side of the road is *prima facie* evidence of negligence...."

Because of the unique facts of this case Plaintiffs say the trial court should have directed a verdict based on *Duvall v. Smith*, 950 S.W.2d 526 (Mo.App.1997). There, the jury returned a verdict for defendant in a rear-end automobile accident case. On appeal, plaintiff claimed the trial court erred in failing to direct a verdict for her on the issue of negligence. The appellate court agreed and remanded for a new trial on the issue of causation and damages only. In reaching this result, the court cited *Broeker v. Haid*, 786 S.W.2d 615 (Mo.App.1990), which states that a "directed verdict is a drastic action and should be granted only when reasonable persons would not differ on the correct disposition of the case." *Id.* at 616. "A negligence case depending upon oral testimony rarely

presents a case in which the court is justified in directing a verdict in favor of the party having the burden of proof." *Id.* However, an exception arises "where defendant in his pleadings or by his counsel in open court admits, or by his own evidence establishes, plaintiff's claim or where there is no real dispute of the basic facts supported by uncontradicted testimony essential to the claim." *Id.* Based on this exception, the *Duvall* court held the trial court improperly denied plaintiff's motion for directed verdict because plaintiff's and defendant's evidence fit within the well-recognized rear-end collision doctrine which established defendant's liability as a matter of law. 950 S.W.2d at 527–28. We find *Duvall* persuasive.

■ Here, there is no real dispute that at least one of Tri–State's employees negligently drove on the wrong side of the road. Under the theory of respondeat superior, an employer is responsible for injury to a third person caused by the negligence of his employee while acting within the scope of his employment. *Burks v. Leap*, 413 S.W.2d 258, 266 (Mo.1967). Clearly, both of Tri–State's employees were acting within the scope of their employment. Regardless of which employee negligently caused the accident, Tri–State, as the employer, is liable as a matter of law for any injuries Plaintiff suffered as a result of the accident.

■ Tri–State does not attempt to distinguish *Duvall.* Instead, Tri–State argues that Plaintiff's oral motion for directed verdict was invalid under Rule 72.01(a) for failure to specify the grounds for the motion. In support of this argument, Tri–State cites *Briggs v. King*, 714 S.W.2d 694, 696 (Mo.App.1986), which holds that an unspecific motion for directed verdict is insufficient and preserves nothing for review.

While Tri–State's contention is generally correct, it has also been held that an unspecific motion for directed verdict can be reviewed if a party is specific in an after-trial motion. For example, in *Moore v. Rutger Street Sand Co.*, 416 S.W.2d 1 (Mo.

App.1967), defendant requested a directed verdict as "under the law and the evidence, plaintiff is not entitled to recover against this defendant." *Id.* at 3. On appeal, plaintiff claimed this unspecific statement "saves nothing for appeal." *Id.* In rejecting this contention the court said:

The answer to this contention is that all that is required is for defendant to be specific in presenting his arguments at one point or another during the trial so the trial court has an opportunity to be informed of his contentions and to correct any error it may have committed. Defendant was not specific as to his grounds in his motion for directed verdict. However, he was specific in setting forth his contentions in his after-trial motion for judgment. Accordingly, we rule this point against the plaintiff and will proceed now to the merits of this appeal.

*Id.*

Here, Plaintiffs specifically set forth the same contention in their after-trial motion as we have addressed herein. In accord with *Moore*, we reject Tri–State's contention and determine that the trial court erred in denying Plaintiffs' motion for directed verdict. We also observe that the record makes clear Plaintiffs were seeking a directed verdict based upon the point we have addressed, and the trial court understood that to be the thrust of Plaintiffs' motion.

The judgment in favor of Tri–State is reversed, and the cause is remanded for retrial on the sole issue of causation and damages.

SHRUM, P.J., and BARNEY, J., concur.