Tita F. GARCIA, Appellant,

v.

Doreen A. LEFTWICH–KITCHEN, Respondent.

No. WD 75749.

Missouri Court of Appeals, Western District.

Aug. 20, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 2013.

Application for Transfer Denied Nov. 26, 2013.

Spencer E. Farris, for Appellant.

Bruce Farmer, for Respondent.

Before Division I: VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and ANTHONY REX GABBERT, Judge.

VICTOR C. HOWARD, Judge.

Tita Garcia appeals the judgment of the trial court entering judgment in accordance with a jury verdict in favor of Doreen Leftwich–Kitchen on her claim of negligence arising out of an automobile accident. The judgment is affirmed.

## Facts

On November 24, 2005, Tita Garcia was traveling on Route B in Randolph County, Missouri. As she crested a hill in the road, she saw vehicles stopped at the bottom of the hill, so she also came to a complete stop behind the line of traffic. Doreen Leftwich–Kitchen was also traveling on Route B, behind Ms. Garcia, and as she topped the hill, she also saw the line of traffic stopped at the bottom of the hill, but was unable to bring her vehicle to a complete stop and struck Ms. Garcia's vehicle.

Ms. Garcia sued Ms. Leftwich–Kitchen, alleging that Ms. Leftwich–Kitchen was negligent by (1) operating her vehicle at an excessive speed, (2) failing to keep a careful lookout, (3) failing to yield, (4) failing to slacken speed, stop, swerve or sound a warning, and (5) striking the rear of the vehicle carrying Ms. Garcia. The matter was tried to a jury, and at the close of all the evidence, Ms. Garcia moved for a directed verdict on Ms. Leftwich–Kitchen's negligence. The trial court denied the motion. The jury then returned a verdict for Ms. Leftwich–Kitchen and the trial court entered judgment in accordance with the verdict. After judgment was entered, Ms. Garcia requested a new trial on the grounds expressed in her motion for directed verdict and on the grounds that the verdict was against the weight of the evidence. The trial court denied Ms. Garcia's motion. This appeal by Ms. Garcia followed.

## Standard of Review

■■ Review of a denial of a motion for directed verdict is a question of law, and the evidence is viewed in the light most favorable to the non-moving party. *Clark v. Belfonte Distrib., Inc.,* 163 S.W.3d 581, 584 (Mo.App. W.D.2005). The appellate court must determine whether the non-moving party has made a submissible case. *Id.* In the context of this rear end doctrine case, we review to determine whether Ms. Leftwich–Kitchen adduced evidence sufficient to overcome her burden to rebut Ms. Garcia's prima facie case of negligence.

## Discussion

■ In Ms. Garcia's sole point on appeal, she contends that the trial court erred in denying her motion for directed verdict on the issue of negligence on the basis that she made a prima facie case under the rear-end doctrine because Ms. Leftwich–Kitchen acknowledged that she struck the rear of Ms. Garcia's vehicle and allegedly had no justification or excuse for doing so. She asserts that she was entitled to a directed verdict because she made a prima facie case under the rear-end doctrine and it was unrebutted. Ms. Leftwich–Kitchen argues in response that the trial court's denial of Ms. Garcia's motion for directed verdict was not erroneous because Ms. Leftwich–Kitchen presented evidence to rebut Ms. Garcia's claim of negligence, specifically showing that Ms. Leftwich–Kitchen "immediately applied the brakes at the crest of the hill, faced oncoming traffic on the left, did not have a shoulder to veer right, and the accident was unavoidable."

■ "[A] directed verdict is a drastic action and should be granted only when reasonable persons could not differ on the correct disposition of the case." *Duvall v. Smith,* 950 S.W.2d 526, 527 (Mo.App. E.D. 1997) (internal citation omitted). It is rare that a negligence case depending on oral testimony, as the one before us, "presents a case in which the court is justified in directing a verdict in favor of the party having the burden of proof." *Id.* Such justification exists, however, "when a defendant in his pleadings or by his counsel

in open court admits, or by his own evidence establishes, plaintiff's claim or where there is no real dispute of the basic facts supported by uncontradicted testimony essential to the claim." *Id.*

■ The rear-end doctrine applies where an individual "has his vehicle in a portion of the highway where he should have it in view of his course, and another traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead." *Nishwitz v. Blosser*, 850 S.W.2d 119, 122 (Mo. App. E.D.1993) (internal quotation omitted). When the plaintiff has shown such circumstances, proof of the collision "makes out a prima facie case of specific negligence against the driver operating the overtaking vehicle." *Id.* However, "[t]he doctrine only establishes a prima facie case; it does not compel a directed verdict." *Gilleylen v. Surety Foods, Inc.*, 963 S.W.2d 15, 18 (Mo.App. E.D.1998). Once a prima facie case is established the burden shifts to the defendant to produce rebuttal evidence. *Clark*, 163 S.W.3d at 584.

■ In the context of the rear-end collision doctrine, a directed verdict for plaintiff is compelled only where the defendant has produced no evidence to rebut plaintiff's prima facie case of negligence. *Duvall*, 950 S.W.2d at 527. In *Duvall*, the appellate court reversed and remanded for retrial on causation and damages only, concluding that reasonable minds could not differ on the question of defendant's negligence. 950 S.W.2d at 528. In that case, the defendant had been following the plaintiff between two intersection stops, the plaintiff stopped at the second intersection, and the defendant testified that she saw the plaintiff's vehicle at the intersection with its brake lights on, then off. *Id.* at 527. The defendant "testified that she was momentarily distracted and when she looked again she realized that plaintiff

had not moved through the intersection[,] ... hit her brakes hard and collided with [the] plaintiff." *Id.* The appellate court reversed and remanded the case for retrial only on the issues of causation and damages, finding that "[d]efendant offered no evidence to rebut the plaintiff's prima facie case and in fact, by her own testimony, established her own negligence." *Id.* at 528.

In the instant case, on the other hand, there was no evidence that Ms. Leftwich–Kitchen was distracted, that she was able to see Ms. Garcia's vehicle at any time before she topped the hill, or that the stopped vehicles at the bottom of the hill were foreseeable, given that they were not at a stop sign or signal, but rather out on a rural, two-lane road with a relatively high speed limit. Ms. Leftwich–Kitchen testified that she was driving a speed not in excess of fifty-five miles per hour, which was the posted speed limit, before seeing Ms. Garcia's stopped car. There was evidence that immediately after Ms. Leftwich–Kitchen topped the hill, she saw Ms. Garcia's car stopped in front of her in the road, slammed on her brakes, and left skid marks for 149 feet before hitting Ms. Garcia's car with her car. There was evidence that Ms. Leftwich–Kitchen would have tried to go around Ms. Garcia's stopped car, but there was another car approaching in the oncoming lane of traffic. Evidence was presented that there was no shoulder on the other side of Ms. Leftwich–Kitchen and not sufficient time to take the ditch. There was testimony from the State Trooper who made the accident report that the hill was an obstruction to the view of the line of sight for Ms. Leftwich–Kitchen as she approached Ms. Garcia's stopped car, and that the skid marks began right after the crest of the hill.

Ms. Leftwich–Kitchen produced the above-described evidence to rebut Ms.

Garcia's prima facie case of negligence under the rear-end collision doctrine. Viewed in the light most favorable to Ms. Leftwich–Kitchen, the evidence was sufficient to create an issue of fact as to whether she had exercised the applicable standard of care. The trial court, therefore, did not err in denying Ms. Garcia's motion for directed verdict. The point is denied.

The judgment of the trial court is affirmed.

All concur.